**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division**

| | | |
|---|---|---|
| **NIKE USA, INC.,** | : | |
| | : | |
| **Plaintiff/Counter-Defendant,** | : | |
| | : | |
| **v.** | : | **Case No.: 1:25-CV-03996-ABA** |
| | : | |
| **ANTONIO FABRIZIO LIMA PASSARI,** | : | |
| | : | |
| **Defendant/Counter-Plaintiff.** | : | |

**PLAINTIFF/COUNTER-DEFENDANT'S REPLY TO DEFENDANT/COUNTER-
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COUNTERCLAIM**

Plaintiff/Counter-Defendant NIKE USA, Inc. ("NIKE"), by counsel, hereby submits this

Reply in response to Defendant/Counter-Plaintiff Antonio Fabrizio Lima Passari's ("Mr. Passari")

Opposition ("Opp'n") (ECF No. 17) to NIKE's Motion to Dismiss Mr. Passari's Counterclaim

(the "Motion") (ECF No. 10).

Mr. Passari fails to address in his Opposition and therefore concedes several arguments

that NIKE raised in its Motion.  Rather than substantively engaging with NIKE's arguments, Mr.

Passari relies on conclusory arguments, inapplicable legal principles, and inapposite authority that

fail to salvage his claims under 42 U.S.C. § 1981 ("Section 1981").  While the specific points of

law have been fully addressed in NIKE's Memorandum in Support of its Motion ("Mem.") (ECF

No. 10-1) and are analyzed further below, it is worth highlighting the key dispositive points.

Mr. Passari's discrimination claim fails because he does not allege any ancestral or ethnic

characteristics in his Counterclaim that place him within a protected class covered by Section 1981.

Mr. Passari fails to allege facts in his Counterclaim that his employment would not have been

terminated but for his race. Mr. Passari fails to allege that any "non-Hispanic and/or Latino

1

employee" was similarly situated to him in all relevant respects, and he has not offered any facts otherwise giving rise to a plausible inference of intentional unlawful discrimination.

Mr. Passari's retaliation claim fails for closely related reasons. In his Counterclaim, Mr. Passari fails to allege a cognizable protected activity, and notably, his Opposition and Counterclaim both confirm that his alleged complaint was based on traits that are not protected by Section 1981.

As demonstrated in detail below, when distilled to its core, Mr. Passari cannot circumvent what is evident from the face of his Counterclaim and Opposition – that his claims against NIKE, in their entirety, fail as a matter of law and must be dismissed.[1]

## I.    MR. PASSARI HAS CONCEDED SEVERAL KEY POINTS

Where a non-moving party "fails to address a meritorious argument in a motion to dismiss, the Court may consider the [non-moving party] to have waived that argument." *Vega v. Amurcon Realty Co.*, No. 6:24-CV-00020, 2025 WL 978225, at *4 (W.D. Va. Mar. 31, 2025) (citing *Bills v. Va. Dept. of Educ.*, 605 F. Supp. 3d 744, 755 (W.D. Va. 2022)); *see also Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 783 (D. Md. 2010) (a party's failure to address arguments

---

[1] In his Opposition, Mr. Passari argues that because he was employed and worked for NIKE in the State of Oregon, he "believes" this Court should apply Ninth Circuit law (instead of Fourth Circuit law) to determine whether his Section 1981 claims are subject to dismissal under Rule 12(b)(6). *See* Opp'n at 2 n.3 (citing nothing). Contrary to the foregoing assertions, choice of law principles dictate that Maryland (and thus, Fourth Circuit) law applies. This Court sits in Maryland and in the context of tort claims, "'Maryland follows *lex loci delicti*, which applies the law of the place where the injury occurred.'" *Essem v. Sone*, No. PWG-14-113, 2014 WL 4182615, at *1 (D. Md. Aug. 19, 2014) (citing *Wood v. Walton*, Nos. WDQ–09–3398 & WDQ–10–3422, 2011 WL 3439308, at *4 (D. Md. Aug. 4, 2011)); *see also Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941) ("The conflict of laws rules to be applied by the federal court in Delaware must conform to those prevailing in Delaware's state courts."). Moreover, "[c]ourts generally have determined that the plaintiff's state of residence bears the most significant relationship to the incident and parties because that is where the plaintiff's [alleged injury took place]." *Abadian v. Lee*, 117 F. Supp. 2d 481, 486 (D. Md. 2000).

Here, Mr. Passari is a resident of and lives in Baltimore County, Maryland. *See* Compl. ¶ 2, ECF No. 3; *see also* Answer to Compl. ¶ 2, ECF No. 4. In his Counterclaim, Mr. Passari alleges that NIKE "transacts business in Maryland," "carries on a regular business in Baltimore County, Maryland[,]" and, among other things, "caused tortious injury [in this action] by an act or omission in Maryland[.]" Counterclaim ¶¶ 3-4, ECF No. 1-1. Given these circumstances, Fourth Circuit law applies.

in opposition to a motion to dismiss abandons those claims).  Put otherwise, "[f]ailure to respond to an argument made in a dispositive pleading results in a concession of that claim."  *Lattimore v. Brahmbhatt*, No. 4:21-CV-00038, 2024 WL 26687, at *4 (W.D. Va. Jan. 3, 2024) (collecting cases); *see also Alvarez v. Lynch*, 828 F.3d 288, 295 (4th Cir. 2016) (Ignoring opponent's argument is "an outright failure to join in the adversarial process [that] ordinarily result[s] in waiver[.]").

Here, Mr. Passari fails to meaningfully rebut the following arguments in NIKE's Motion:

- In his Counterclaim, Mr. Passari takes inconsistent positions as to whether he received positive or negative feedback on his performance at NIKE, which underscore the factual and legal deficiencies of his Counterclaim and whether he sufficiently pled the satisfactory job performance element in support of his discrimination claim under Section 1981. *See* Mem. at 6 n.4 (citing Counterclaim ¶¶ 15, 23, 29).[2]

- In the Fourth Circuit, Section 1981 discrimination claims are held to a more stringent pleading standard than discrimination claims brought under Title VII. As such, Mr. Passari "must 'initially plead and ultimately prove that, ***but for*** race, [he] would not have suffered the loss of a legally protected right.'"  Mem. at 6 (quoting *Comcast Corp. v. Nat'l Ass'n of Afr. Am-Owned Media*, 589 U.S. 327, 341 (2020)) (emphasis added); *see also Wilkins v. Swinton Home Care, LLC*, No. 24-CV-2601-ABA, 2025 WL 2578101, at *6 (D. Md. Sept. 5, 2025) (citing *Comcast Corp.*, 589 U.S. at 333).

- Relatedly, Mr. Passari fails to allege in his Counterclaim that his termination would not have occurred but for his protected class. *See* Mem. at 8-9.  Other than his conclusory assertions, Mr. Passari fails to allege any facts in his Counterclaim – let alone sufficient facts – from which a reasonable inference could be drawn that his termination would have occurred "but for" his Latino and/or Hispanic protected classes. *See id.* at 9; *see also e.g., Wilkins*, 2025 WL 2578101, at *6 (dismissing Section 1981 claim because plaintiff's "conclusory statements are not enough to show that her ancestry, ethnicity, and characteristics were the but-for cause for her termination").

- Mr. Passari is not pursuing a Section 1981 discrimination or retaliation claim based on national origin, as "[s]uch claims would obviously not be protected under Section 1981." Opp'n at 5.

---

[2] All citations in this brief to "Opp'n at __" refer to Mr. Passari's Opposition to NIKE's Motion to Dismiss the Counterclaim (ECF No. 17).  All citations in this brief to "Mem. at __" refer to the Memorandum of Law in Support of NIKE's Motion to Dismiss Mr. Passari's Counterclaim (ECF No. 10-1).

- Mr. Passari "has not expressly identified a specific comparator with regards to his discrimination claim[]" under Section 1981. *Id.* at 7.

- Mr. Passari "has not alleged that his position either remained open or was filled by a non-Hispanic or Latino individual . . . " in support of his Section 1981 discrimination claim. *Id.* at 8.

The above points should all be deemed conceded. Mr. Passari also expressly disavows that he is pursuing a Section 1981 discrimination claim under a hostile work environment theory. *See* Opp'n at 2 n.1. These concessions, standing alone, warrant the full dismissal of Mr. Passari's Counterclaim. *See, e.g., Fravel v. Ford Motor Co.*, 973 F. Supp. 2d 651, 654 (W.D. Va. 2013) (granting motion to dismiss due to plaintiff's failure to address defendant's dismissal arguments in her opposition brief) (citing *Ferdinand-Davenport*, 742 F. Supp. 2d at 783).

## II.   MR. PASSARI'S SECTION 1981 DISCRIMINATION CLAIM LACKS MERIT AND SHOULD BE DISMISSED

### A.   Section 1981 Only Covers Race-Based Discrimination or Retaliation Claims.

In its opening Memorandum of Law, NIKE argued that Mr. Passari's *ethnicity-based* discrimination claim is subject to dismissal as a matter of law because Section 1981 only covers discrimination or retaliation claims based on race. *See* Mem. at 7-8.  Contrary to his Opposition's assertions, the basis of NIKE's argument pertains to the dismissal of Mr. Passari's discrimination claim, specifically as it relates to protected classes that are *not* covered by Section 1981. *Id.* Indeed, the Fourth Circuit has made clear that "the scope of Section 1981 protection is not unlimited." *Nnadozie v. Genesis HealthCare Corp.*, 730 F. App'x 151, 157 (4th Cir. 2018).

Here, the Parties do not dispute that Section 1981 protects those "who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics." *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987); *see also* Mem. at 7 (citing *Saint Francis Coll.*); Opp'n at 3 (same).  Still, Mr. Passari is silent in his Opposition (and thus, effectively waives those

claims) as to his failure to specifically plead any ancestry or ethnic characteristics in his Counterclaim for Section 1981's broad construction of race to apply. *See generally* Opp'n.[3]

Underscoring the legal deficiencies of his Section 1981 discrimination claim, Mr. Passari only relies, in his Opposition, on *one* decision from a Fourth Circuit court – *De La Torre v. Fink* – wherein this Court specifically evaluated whether a plaintiff's pleading survived a defendant's Rule 12(b)(6) motion. *See* Opp'n at 4 (citing *De La Torre v. Fink*, No. 8:23-CV-03203-PX, 2025 WL 460757, 2025 U.S. Dist. LEXIS 23987, at *24 n.3 (D. Md. Feb. 11, 2025)); *see also id.* (citing *Bliss v. Garland*, No. 1:22-CV-563 (PTG/IDD), 2024 WL 5250349, at *1 (E.D. Va. Dec. 30, 2024) (granting defendant's motion for summary judgment and dismissing plaintiff's color, sex, and national origin-based discrimination claims under Title VII)). Mr. Passari's reliance on *De La Torre* is misplaced.

In *De La Torre*, this Court specifically noted that Hispanic and/or Latino individuals are in a "protected class" covered by *Title VII* and further acknowledged the lack of authority as to

---

[3] In his Opposition, Mr. Passari relies on a handful of non-binding and largely inapposite decisions from courts outside the Fourth Circuit. *See* Opp'n at 3-6 (citing *Vill. of Freeport v. Barrella*, 814 F.3d 594 (2d Cir. 2016); *Michell v. McDonald's Corp.*, No. 24-CV-3442, 2025 WL 2711951, at *18 (E.D.N.Y. Sept. 23, 2025), *reconsideration denied*, No. 24-CV-3442, 2025 WL 3546667 (E.D.N.Y. Dec. 11, 2025); and *Figueroa v. Perez*, No. 3:22-CV-225, 2024 WL 4349048, at *3 (D. Conn. Sept. 30, 2024)).

Mr. Passari also cites, in his Opposition, to two Ninth Circuit decisions – specifically, *Pavon v. Swift Transp. Co.*, 192 F.3d 902 (9th Cir. 1999), and *Dawavendewa v. Salt River Project Agr. Imp. & Power Dist.*, 154 F.3d 1117 (9th Cir. 1998). *See* Opp'n at 3-4. However, *Pavon* involved a jury verdict (not a Rule 12(b)(6) motion to dismiss) and *Dawavendewa* did not involve a Section 1981 discrimination claim at all. *See Pavon*, 192 F.3d at 908; *Dawavendewa*, 154 F.3d at 1119.

The Northern District of Georgia's decision in *Martinez-Lopez v. GFA Alabama Inc.*, 797 F. Supp. 3d 1309 (N.D. Ga. 2025), is likewise readily distinguishable. *See* Opp'n at 4. There, the plaintiff sufficiently pled a race-based Section 1981 discrimination claim based on her protected status as a Mexican. *Martinez-Lopez*, 797 F. Supp. 3d at 1349. In contrast, Mr. Passari does not allege any ancestry or ethnic characteristics in his Counterclaim.

Finally, in *Galindo v. Taylor*, 723 F. Supp. 3d 1008 (D. Kan. 2024), which Mr. Passari cites on page 4 of his Opposition, the U.S. District Court for the District of Kansas observed that the defendants had conceded that distinctive ethnic groups, such as Mexican Americans, can constitute a protected group under Section 1981. *Galindo*, 723 F. Supp. 3d at 1026. NIKE makes no concession here, and such a ruling is inconsistent with Fourth Circuit precedent, in any event.

"'whether that protection derives from race or national origin'" – which is precisely the point NIKE raised in its Motion. *De La Torre*, 2025 WL 460757, at *1 n.3 (citing *Reyes v. Waples Mobile Home Park Ltd. P'ship*, 903 F.3d 415, 424 n.3 (4th Cir. 2018) (quoting *Vill. of Freeport v. Barrella*, 814 F.3d 594, 606 (2d Cir. 2016)) ("Most courts have assumed that Hispanics [and Latinos] constitute a 'protected class' [under Title VII] but without saying whether that protection derives from race or national origin.")) (alterations in *De La Torre*); *see also* Mem. at 7-8.  Contrary to the assertions raised in Mr. Passari's Opposition, *De La Torre* recognizes that courts, including those within the Fourth Circuit, have acknowledged the ongoing uncertainties as to whether Hispanic and/or Latino individuals constitute a protected class based on race – thereby, falling within the scope of Section 1981 – or whether their protection arises solely from national origin, which is actionable only under Title VII.  *See De La Torre*, 2025 WL 460757, at *1 n.3  In fact, as this Court noted in *De La Torre*, the U.S. Census Bureau recognizes five races: "White," "Black or African American," "American Indian or Alaska Native," "Asian," and "Native Hawaiian and Other Pacific Islander[.]" *Id.* (citing *About the Topic of Race*, U.S. Census Bureau (Dec. 20, 2024), http://www.census.gov/topics/population/race/about.html).  Mr. Passari does not allege he is a member of any of these races.  *See generally* Counterclaim.

Fourth Circuit precedent is clear that Section 1981 only covers discrimination claims based on race, ancestry, or ethnic characteristics.  *See Nnadozie*, 730 F. App'x at 156 (citing *Saint Francis Coll.*, 481 U.S. at 613).  Mr. Passari does not allege any race, ancestry or ethnic characteristics that he possesses in his Counterclaim.  His Section 1981 discrimination claim must therefore be dismissed as a matter of law.

**B.**     **Mr. Passari's Opposition Confirms That He Has Not Alleged Facts to Establish the Similarly Situated Element of His Section 1981 Discrimination Claim.**

To be sure, "the concept of 'race' is much broader than our modern understanding of the term[,]" and the Fourth Circuit theorized that, "there is no reason why a plaintiff cannot bring a Section 1981 claim on the basis of being 'African' or 'Nigerian[]'" — *so long as there is "evidence of some nexus between ethnic or ancestral characteristics and workplace discrimination*[.]" *Nnadozie*, 730 F. App'x at 156-57 (emphasis added). The fatal flaws in Mr. Passari's Counterclaim are that, even assuming for argument's sake that "Hispanic and/or Latino" individuals constitute a class protected under Section 1981, he has neither pleaded any ethnic or ancestral characteristics he possesses, nor alleged any *factual* (as opposed to conclusory) nexus between those characteristics and the termination of his employment with NIKE.

Instead of providing binding (or even persuasive) case law with similarly pled disparate treatment claims that survived a Rule 12(b)(6) motion, Mr. Passari's Opposition merely relies on one decision from a court in the Fourth Circuit – *Curran v. MOM's Organic Mkt., Inc.*, No. 8:24-CV-00402-AAQ, 2024 U.S. Dist. LEXIS 217958 (D. Md. Dec. 2, 2024) – to argue that he adequately pled the similarly situated element of his Section 1981 counterclaim. *See* Opp'n at 8. Specifically, Mr. Passari argues that the "allegations made by Ms. Curran [are] similar to the allegations made by Mr. Passari, *i.e.,* that her manager was more critical of non-Hispanic employees than similarly situated Hispanic employees, treated non-Hispanic employees less favorably than Hispanic employees with regards to work assignments, etc." *Id.* (citing *Curran*, 2024 U.S. Dist. LEXIS 217958, at *29-30). Mr. Passari's reliance on *Curran* is unconvincing and further highlights the pleading deficiencies of his Section 1981 discrimination claim.

In *Curran*, this Court granted in part and denied in part the defendants' motion to dismiss. The Court held that Ms. Curran failed to sufficiently plead her Section 1981 retaliation claim, but

allowed her Section 1981 discrimination and hostile work environment claims to proceed against her former employer and supervisor.[4]  2024 U.S. Dist. LEXIS 217958, at *37-38.

Regarding her race-based discrimination claim, this Court found Ms. Curran "offered facts that plausibly support the inference that similarly situated [employees outside her protected class] received more favorable treatment." *Id.* at *29.  These allegations included, in relevant part, that

> Defendants treated her poorly because of her race as a white, non-Hispanic person. Specifically, [Ms. Curran] alleges that had she been Hispanic, [her former supervisor] would not have "disciplined" her and, instead, would have informed her about her right to take bereavement leave [after her father passed away], assigned her more favorable shifts, and been more sympathetic to her personal struggles. [Ms. Curran] also alleges that [her former supervisor] treated Hispanic employees more favorably than non-Hispanic employees, was more friendly and lenient in her interactions with them, criticized them less frequently, held them to a lower standard when it came to discipline, assigned them more favorable shifts and responsibilities, offered them greater compassion and support in the face of personal or health challenges, assigned them to less physically taxing responsibilities, threatened their jobs less frequently, promptly informed them of the availability of bereavement leave, and granted them a more consistent work schedule.  Finally, [Ms. Curran] alleges that [her former supervisor] never: assigned Hispanic Managers-in-Training to Bakery Duty; required Hispanic employees to work Bakery Duty without prior notice; or called Hispanic employees in the middle of the night.

*Id.* at *8-9 (internal citations to dozens of separate paragraphs of complaint allegations omitted).

Here, in contrast to the more than 120 paragraphs of detailed factual allegations that Ms. Curran raised in her pleading and in support of her Section 1981 claims, Mr. Passari's Counterclaim contains only thirty-two (32) paragraphs of almost exclusively conclusory assertions.  *Compare id. with* Counterclaim.  Mr. Passari's attempt to analogize his Counterclaim

---

[4]  Mr. Passari misrepresents the outcome of the *Curran* decision in his Opposition, claiming this Court "found that Ms. Curran adequately stated a cause of action for discrimination *and retaliation* under Section 1981[.]" Opp'n at 8 (emphasis added). This is dead wrong. In reality, the *Curran* Court dismissed the plaintiff's retaliation claim. *See Curran*, 2024 U.S. Dist. LEXIS 217958, at *36 ("As such, Plaintiff's retaliation claim as to both Defendants must be dismissed.").

allegations to Ms. Curran's foregoing allegations is wholly misplaced, and his allegations fall short of what is required to establish a meaningful comparison in the Fourth Circuit.

As provided in NIKE's opening Memorandum of Law, the law is clear that a Section 1981 plaintiff is not categorically required as a matter of law to point to a comparator, "so long as [the plaintiff] can establish an inference of unlawful discrimination through *other* means." *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 748 (4th Cir. 2017), as amended (Aug. 11, 2017) (citing *Bryant v. Aiken Reg'l Med. Ctrs., Inc.*, 333 F.3d 536, 545-46 (4th Cir. 2003)).  Mr. Passari's Counterclaim, however, does neither.

As his Opposition confirms, Mr. Passari's Counterclaim merely relies on vague and generalized comparator allegations as to Ms. White's purported treatment towards unspecified "non-Hispanic and/or Latino" employees.  *See* Opp'n at 6-7.  Mr. Passari argues in his Opposition that Ms. White's alleged treatment towards unidentified "coworkers[,]" during unspecified "key meetings" and "other meetings[,]" and in relation to non-specific "proposals and contributions" for which he was criticized, is enough to give rise to an inference of unlawful discrimination based on race.  *Id.*  Mr. Passari further argues in his Opposition that his Counterclaim alleged that he was not offered a severance agreement, "unlike other[] non-Hispanic or Latino coworkers who had been offered severance agreements" following their employment terminations.  Opp'n at 7 (citing Counterclaim ¶ 21).  The Fourth Circuit, however, disagrees. *See, e.g., Swaso*, 698 F. App'x at 748-49 (finding plaintiff's allegations lacked sufficient factual detail about the alleged comparators and that, although the plaintiff claimed that white teachers with more serious medical restrictions were allowed to return to work, she offered no specifics about those alleged comparator's medical conditions, work restrictions, job duties, or positions).  Mr. Passari also fails to acknowledge in his Opposition that the Fourth Circuit has repeatedly held that, when a plaintiff solely relies on

comparator evidence to establish circumstances giving rise to an inference of unlawful discrimination, as here, he "must demonstrate that the comparator is similarly situated in all relevant respects." *Prosa v. Austin*, No. ELH-20-3015, 2022 WL 394465, at *26 (D. Md. Feb. 8, 2022) (citing *Swaso*, 698 F. App'x at 748).

Beyond these bare allegations, Mr. Passari fails to provide "any *factual enhancement* regarding the alleged comparators . . . that would permit the court to reasonably infer their similarity." *Swaso*, 698 F. App'x at 749. Mr. Passari's Counterclaim also offers no "other means" besides insufficient comparator-based allegations to support his Section 1981 discrimination claim. *Id.* at 748; *see generally* Counterclaim. Thus, "[a]bsent further factual development, [Mr. Passari's Counterclaim] falls short of alleging facts from which to reasonably infer that their difference in treatment was attributable to racial discrimination." *Swaso*, 698 F. App'x at 749. Accordingly, Mr. Passari's Section 1981 discrimination claim must be dismissed in its entirety as a matter of law.

## III.    MR. PASSARI'S SECTION 1981 RETALIATION CLAIM LACKS MERIT AND SHOULD BE DISMISSED

Mr. Passari dedicates only a single paragraph of his Opposition to his Section 1981 retaliation claim, without any meaningful analysis or response to the arguments NIKE raised in its Motion. *See* Opp'n at 7 (citing no legal authority). Notably, Mr. Passari doubles down in his Opposition, insisting his Counterclaim sufficiently alleges that he engaged in a protected activity covered by Section 1981, even though he simultaneously concedes that "he filed a formal complaint of discriminatory and hostile treatment based on his Hispanic and/or Latino *heritage*…" Opp'n at 7 (citing Counterclaim ¶ 16) (emphasis added). Again, however, "protected activity" is defined, for Section 1981 purposes, to "include acts and statements in opposition to policies or practices that discriminated against any person on the basis of *race*." *Proa v. NRT Mid Atl., Inc.,*

618 F. Supp. 2d 447, 471-72 (D. Md. 2009) (citing *CBOCS West, Inc. v. Humphries*, 553 U.S. 442 (2008)) (emphasis added), *aff'd*, 398 F. App'x 882 (4th Cir. 2010); *see also* Mem. at 13. As such, Mr. Passari has not alleged a cognizable protected activity under Section 1981. Both his Opposition and Counterclaim confirm that his alleged complaint was based on traits that are not protected by Section 1981. Mr. Passari's Section 1981 retaliation claim must be dismissed accordingly as a matter of law.

## IV. **CONCLUSION**

For the foregoing reasons, and the reasons set forth in its opening Memorandum of Law, NIKE respectfully requests that the Court issue an order granting its Motion to Dismiss, dismissing Mr. Passari's Counterclaim in its entirety and with prejudice, and awarding it such other relief as the Court deems just and proper.[5]

---

[5] In footnote 2 of his Opposition, Mr. Passari requests ten days to amend his Counterclaim in the event the Court finds (as it should) that his factual allegations are insufficient as a matter of law. *See* Opp'n at 2 n.2. Nevertheless, the Court should deny Mr. Passari's request because any amendment would be futile. *See Sullivan v. City of Frederick*, 738 F. App'x 198, 200 (4th Cir. 2018) (quoting *Perkins v. United States*, 55 F.3d 910, 914 (4th Cir. 1995)). As demonstrated herein, Mr. Passari's Section 1981 claims arise solely from the termination of his employment at NIKE, which occurred more than two years ago, and he offers no justification whatsoever for his substantial delay in asserting such claims. Moreover, the timing of his allegations relative to NIKE's commencement of this lawsuit underscores their lack of merit. Mr. Passari decided to raise his Section 1981 discrimination and retaliation claims only after NIKE initiated its unjust enrichment claim against him, making it clear that his Counterclaim is a transparent attempt to evade accountability for his actions. *Compare* ECF No. 3 *with* ECF No. 1-1.

Dated: February 13, 2026

Respectfully submitted,

*/s/ Tiffany din Fagel Tse*
Alexander P. Berg, Bar No.: 18821
Tiffany din Fagel Tse, Bar No.: 20365
LITTLER MENDELSON, P.C.
1800 Tysons Blvd., Suite 500
Tysons Corner, Virginia 22102
T: 703.442.8425
F: 703.662.6178
ABerg@Littler.com
TTse@Littler.com

Christopher S. Young, Bar No.: 24701
BUSINESS & TECHNOLOGY LAW GROUP
6310 Hillside Court, Suite 160
Columbia, Maryland 21046
T: 410.290.0707 ext. 222
F: 410.290.0477
CYoung@btlg.us

*Counsel for Plaintiff/Counter-Defendant*
*NIKE USA, Inc.*

12

## CERTIFICATE OF SERVICE

I hereby certify that, on the 13th day of February 2026, a true copy of the foregoing Plaintiff/Counter-Defendant's Reply to Defendant/Counter-Plaintiff's Opposition to Motion to Dismiss Counterclaim was served via the Court's CM/ECF system, which sent notice of filing to the following counsel of record:

> Andrew W. Dansicker, Esq. (Bar No.: 11765)
> LAW OFFICE OF ANDREW M. DANSICKER, LLC
> 11350 McCormick Road
> Executive Plaza II, Suite 705
> Hunt Valley, Maryland 21031
> T: 410.771.5668
> F: 443.927.7390
> ADansicker@DansickerLaw.com
>
> *Counsel for Defendant/Counter-Plaintiff*
> *Antonio Fabrizio Lima Passari*

*/s/ Tiffany din Fagel Tse*
Tiffany din Fagel Tse
